UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

PAUL ALLEN PEREZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JACKSON HEWITT, INC., and REPUBLIC BANK & TRUST COMPANY,

Defendants.

Case No. 2:26-cv-01545-RAJ

**DEFENDANT JACKSON HEWITT, INC.'S MOTION TO DISMISS THE COMPLAINT**

**NOTE ON MOTION CALENDAR:** SEPTEMBER 18, 2026

***ORAL ARGUMENT REQUESTED***



ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## TABLE OF CONTENTS

INTRODUCTION ........ 1
BACKGROUND ........ 3
LEGAL STANDARDS ........ 5
ARGUMENT ........ 5
I. Jackson Hewitt Is Not a "Creditor" Under the MLA. ........ 5
II. Jackson Hewitt Joins in Republic Bank's Motion to Dismiss. ........ 9
CONCLUSION ........ 10


ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
511 U.S. 164 (1994) .......... 9

*Cetto v. LaSalle Bank Nat'l Ass'n*,
518 F.3d 263 (4th Cir. 2008) .......... 8

*In re Easysaver Rewards Litig.*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010) .......... 9

*Garbaccio v. Starbucks Corp.*,
809 F. Supp. 3d 1261 (W.D. Wash. 2025) .......... 2

*Gonzalez v. Planned Parenthood of L.A.*,
759 F.3d 1112 (9th Cir. 2014) .......... 5

*Iannuzzi v. Wash. Mut. Bank*,
No. 07-CV-964 (JFB)(WDW), 2008 WL 3978189 (E.D.N.Y. Aug. 21, 2008) .......... 7

*King v. Second City Const. Co.*,
No. 97 C 2900, 1997 WL 627649 (N.D. Ill. Oct. 1, 1997) .......... 8

*Matejka v. Blue Origin Enters. LP*,
No. 2:25-cv-00199-BAT, 2025 WL 1635228 (W.D. Wash. June 9, 2025) .......... 2

*Ridha v. Mortg. Elec. Registration Sys., Inc.*,
No. 10–13824, 2010 WL 4867416 (E.D. Mich. Nov. 23, 2010) .......... 8

*Surface Art, Inc. v. Tesserae Techs., LLC*,
No. 2:24-cv-00924-TL, 2026 WL 787660 (W.D. Wash. Mar. 20, 2026) .......... 2

*Wojcik v. Courtesy Auto Sales, Inc.*,
No. 8:01-cv-506, 2002 WL 31663298 (D. Neb. Nov. 25, 2002) .......... 2, 8

*Zawikowski et al. v. Beneficial*,
No. 1:98-cv-02178, Dkt. 934 (N.D. Ill. Feb. 27, 2004) .......... 2, 7, 9

**Statutes**

Military Lending Act, 10 U.S.C. § 987 .......... *passim*

Truth in Lending Act, 15 U.S.C. § 1602 .......... 6, 8

**Other Authorities**

12 C.F.R. § 1026 .......... 2, 3, 6, 7, 8

32 C.F.R. § 232 .......... 1, 5, 6, 9



ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## INTRODUCTION

This case is a misguided attempt to extend the reach of the Military Lending Act ("MLA") well beyond its scope. The MLA places limits on the ability of *creditors* to include certain terms and charges in loan agreements with military members. As established in Republic Bank & Trust Company's ("Republic Bank") concurrently filed motion to dismiss, Plaintiff's Loan Agreements comply with the MLA.[1] But his claims against Jackson Hewitt fail for an even more fundamental reason: Jackson Hewitt is not a creditor. Jackson Hewitt does not extend credit, and Plaintiff's loans are not payable to Jackson Hewitt. This fundamental defect infects each of Plaintiff's claims against Jackson Hewitt.

Plaintiff Paul Allen Perez, a member of the United States Navy, obtained two Refund Anticipation Loans ("RAL") from Republic Bank through the Jackson Hewitt platform and now claims that Jackson Hewitt, Inc. ("Jackson Hewitt")—a tax preparation company that did not lend him any money—violated the MLA. *See* Complaint, ECF No. 1 ("Compl.") ¶¶ 21, 82; 10 U.S.C. § 987(b). Jackson Hewitt's motion to dismiss is straightforward: Because the MLA imposes obligations exclusively on "creditors," and Jackson Hewitt is not a creditor, Plaintiff's claims against Jackson Hewitt must be dismissed.

It is black letter law that the MLA applies only to "creditors"—entities "[e]ngaged in the business of extending consumer credit." 10 U.S.C. § 987(i)(5); 32 C.F.R. § 232.3(i)(1). Each of the MLA's substantive provisions upon which Plaintiff's claims are based—Sections 987(b) and 987(e)—plainly states that it applies only to "creditor[s]." Here, as the Complaint itself acknowledges, Republic Bank—not Jackson Hewitt—is "the originating lender that underwrites and disburses Refund Advance Loans." Compl. ¶ 30. Jackson Hewitt is a tax preparation company. *Id.* ¶ 3. It does not extend credit. Republic Bank and Plaintiff are the only parties to the Loan Agreements, and those Loan Agreements expressly identify Republic Bank as the creditor. *Id.* ¶ 89.

---

[1] Plaintiff's loan agreements are attached as Exhibits A and C to the Declaration of William Nelson in Support of Defendant Republic Bank & Trust Company's Motion to Dismiss ("Nelson Decl."). The December 16, 2024 loan application and agreement is included within Exhibit A (the "December 2024 Loan Agreement"), and the February 19, 2025 loan application and agreement is included within Exhibit C (the "February 2025 Loan Agreement"). They are hereinafter collectively referred to as the "Loan Agreements."

Under Regulation Z—which the MLA expressly incorporates—the "creditor" is the person to whom the obligation is "initially payable." 12 C.F.R. § 1026.2(a)(17)(i). Based on the allegations of the Complaint and Plaintiff's Loan Agreements (which are incorporated by reference),[2] Plaintiff's creditor is Republic Bank, not Jackson Hewitt.

Plaintiff attempts to bulldoze this limitation by alleging that Jackson Hewitt somehow "***occupies*** the role of a 'creditor.'" Compl. ¶ 33 (emphasis added). According to the Complaint, Jackson Hewitt controls application intake, conditions loan eligibility on the use of its tax preparation services, receives compensation from Republic Bank, has access to loan status information, and thus is a "necessary intermediary." *Id.* ¶ 33. But these allegations describe, to use Plaintiff's own words, "facilitate[ion]" and "market[ing]" activities (*id.* ¶ 5)—not the extension of consumer credit. Courts have consistently held that a "creditor" is the entity that itself extends credit. *See Zawikowski et al. v. Beneficial*, No. 1:98-cv-02178, Dkt. 934, at 2 (N.D. Ill. Feb. 27, 2004) (dismissing TILA claims against H&R Block where a separate bank made the refund advance loan);[3] *Wojcik v. Courtesy Auto Sales, Inc.*, No. 8:01-cv-506, 2002 WL 31663298, at *7 (D. Neb. Nov. 25, 2002) (holding that a party that did not "itself loan money, finance purchases, charge interest, or repossess collateral

---

[2] "A court may treat a document as incorporated by reference if the complaint 'refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Garbaccio v. Starbucks Corp.*, 809 F. Supp. 3d 1261, 1278 (W.D. Wash. 2025) (quoting *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018)). Because Plaintiff's Complaint "refers extensively" to the agreements governing his RALs—including the Loan Agreements and associated disclosures—they can be considered by the Court on this and Republic Bank's motions. *Id.*; *see, e.g.*, Compl. ¶¶ 8–10, 16, 22, 52, 74–78, 83, 88–90, 92–100, 137–38, 152, 167–69. Further, the agreements form the "basis of Plaintiff's claims," as Plaintiff's overarching legal theory is that the terms of these agreements—including the interest rates, fees, and provisions pertaining to arbitration, class and jury waiver among others—violate the MLA. *Garbaccio*, 809 F. Supp. 3d at 1278. Accordingly, the Court should consider these agreements and credit them over conflicting allegations in the Complaint. *See Matejka v. Blue Origin Enters. LP*, No. 2:25-cv-00199-BAT, 2025 WL 1635228 (W.D. Wash. June 9, 2025) ("Plaintiff's breach of contract claim necessarily relies on the Agreement and thus her Complaint incorporates it by reference and may be considered by the Court in determining this motion.") (Tsuchida, Mag. J.); *Surface Art, Inc. v. Tesserae Techs., LLC*, No. 2:24-cv-00924-TL, 2026 WL 787660, at *4 (W.D. Wash. Mar. 20, 2026) (considering an agreement attached to the motion to dismiss as incorporated by reference because the contract "form[ed] the basis of Plaintiff's first and second causes of action") (Lin, J.).

[3] A copy of the *Zawikowski* order is attached as Exhibit A to the Declaration of Robert M. McKenna, Ex. A.



ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

. . . cannot be a creditor"). And this rule flows directly from the plain text of Regulation Z's definition of "creditor." 12 C.F.R. § 1026.2(a)(17)(i) (defining creditor as "[a] person who regularly extends consumer credit . . . ***and*** to whom the obligation is initially payable") (emphasis added).

Because Jackson Hewitt is not a "creditor" under the MLA, Plaintiff's claims against it must be dismissed with prejudice.

**BACKGROUND**

Jackson Hewitt is one of the nation's largest providers of online and in-person tax return preparation and electronic filing services. Compl. ¶ 3. Through its platform, Jackson Hewitt facilitates refund anticipation loans ("RALs"), which allow taxpayers to receive a Republic Bank loan secured by their anticipated tax refund. Jackson Hewitt does not loan money or process refund payments in connection with RALs. *Id.* ¶¶ 5, 30, 51. If a customer is interested in an RAL, they enter into an agreement with Republic Bank and Republic Bank makes the RAL, enabling customers to get access to their funds sooner than if they had to wait for their tax refunds to be processed by the government. Compl. ¶¶ 4–5, 89.

Plaintiff Paul Allen Perez alleges that he is an active-duty member of the United States Navy and a Covered Borrower under the MLA. Compl. ¶ 82. During the 2024 tax filing season, Plaintiff contends that he used the Jackson Hewitt platform to prepare and electronically file his federal income tax return. *Id.* ¶ 85. In connection with his filing, Plaintiff states that he applied for and obtained two separate RALs: (i) an Early Tax Refund Advance ("ETRA"), which bears an annual percentage interest rate of 35.96%; and (ii) a No Fee Tax Refund Advance ("NFTRA"), with 0% interest. Compl. ¶¶ 86–87.

On December 16, 2024—before he had completed his tax returns with Jackson Hewitt—Plaintiff applied for an Early Tax Refund Advance ("ETRA") from Republic Bank in the amount of $1,500. Compl. ¶¶ 86–87; Nelson Decl. ¶ 3; December 2024 Loan Agreement at 1. On December 17, 2024, Republic Bank made a counteroffer to Plaintiff, advising that he had been approved for a lower ETRA loan amount of $500, subject to a finance charge of $36.95, at an annual percentage rate of 35.96%. Nelson Decl. ¶ 6; *id.* at Ex. B, Defendant Republic Bank's Counteroffer (the "Counteroffer"). Plaintiff accepted this counteroffer and received the funds from his ETRA. *Id.*


ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Subsequently, on February 19, 2025, Plaintiff applied for a No Fee Tax Refund Advance ("NFTRA") from Republic Bank. Nelson Decl. ¶ 7; February 2025 Loan Agreement at 1. That same day, Republic Bank approved Plaintiff's application for a $1,500 NFTRA at 0% APR, with no finance charges. Nelson Decl. ¶ 10; *id.* at Ex. D, Defendant Republic Bank's NFTRA Notification (the "NFTRA Notification"). Plaintiff's NFTRA disclosures provide that there is "no finance charge or annual percentage rate ('APR')" and "[t]here are no other fees assessed." February 2025 Loan Agreement at 1. Plaintiff also applied for and received an Assisted Refund from Republic Bank at a cost of $54.95, which authorized Republic Bank to establish a temporary account on Plaintiff's behalf for the purpose of processing his tax refund and paying tax preparation fees. Nelson Decl. ¶¶ 7, 9; February 2025 Loan Agreement at 2. Plaintiff received the funds for his February 2025 NFTRA through direct deposit to his personal bank account. *Id.* ¶¶ 7–11; Compl. ¶¶ 86–92.

Plaintiff alleges—and the loan materials confirm—that "the creditor identified in [the Loan Agreement's Truth-in-Lending] disclosure is Republic Bank & Trust Co." Compl. ¶ 89; *see also* Counteroffer at 1 ("Creditor: Republic Bank & Trust Company"); December 2024 Loan Agreement at 5; February 2025 Loan Agreement at 5. Based on the plain terms of Plaintiff's Loan Agreements, they are between Plaintiff and Republic Bank (not Jackson Hewitt). December 2024 Loan Agreement at 1 ("THE EARLY TAX REFUND ADVANCE LOAN ('ETRA') AND THE NO FEE TAX REFUND ADVANCE LOAN ('NFTRA') ARE PRODUCTS OFFERED BY BANK."); *see also* February 2025 Loan Agreement at 1 (same). Jackson Hewitt is not a party to the Loan Agreements. *See* Compl. ¶ 89; *see also* December 2024 Loan Agreement §§ 1, 5, 8; February 2025 Loan Agreement §§ 1, 5, 8. The Loan Agreements themselves require a borrower to provide separate authorization for Republic Bank to share information with Jackson Hewitt regarding Plaintiff's RAL, including "whether [plaintiff] obtained a Bank Product" in the first place. December 2024 Loan Agreement § 5; February 2025 Loan Agreement § 5.

According to the Loan Agreements, Plaintiff's ETRA and NFTRA were originated, underwritten, and disbursed by Republic Bank, and Plaintiff granted Republic Bank a security interest in his 2024 tax refund. Compl. ¶¶ 5, 30, 51, 87, 89; February 2025 Loan Agreement § 1 ("If approved, the outstanding ETRA loan amount and a Finance Charge of $36.95 will be deducted from


ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

your 2024 tax refund. . . . You understand the ETRA is subject to underwriting and approval by BANK[.]"), § 8 ("You . . . hereby grant to BANK a security interest, and release any rights, in the anticipated tax refund to be paid to you by the IRS and state taxing authority . . . for the 2024 tax year[.]"); December 2024 Loan Agreement §§ 1, 8 (similar language).

Based on these allegations, Plaintiff asserts three causes of action under the MLA in connection with his RALs. First, Plaintiff contends that the Defendants violated Section 987(e)(5) of the MLA because, to obtain a RAL, borrowers are required to authorize Republic Bank to route their tax refunds to temporary bank accounts and Republic Bank unlawfully accessed those accounts to make deductions from those refunds. Compl. ¶¶ 128–144. Second, Plaintiff alleges his Military Annual Percentage Rate ("MAPR") of his RALs exceeds the 36% statutory cap, violating Section 987(b) of the MLA. *Id.* ¶¶ 145–159. Third, he contends that Republic Bank's Loan Agreements violated the MLA because Republic Bank included a mandatory arbitration clause, a class action and jury trial waiver, and an unreasonable pre-suit notice requirement in violation of Section 987(e). *Id.* ¶¶ 160–178.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). While a court must accept all material factual allegations as true, it is not required to accept as true any allegations that are contradicted by matters that are incorporated by reference in a complaint. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).

## ARGUMENT

### I. <u>Jackson Hewitt Is Not a "Creditor" Under the MLA.</u>

The MLA does not apply to Jackson Hewitt. The MLA applies to "creditors," which the statute defines as entities "[e]ngaged in the business of extending consumer credit." 10 U.S.C. § 987(i)(5); 32 C.F.R. § 232.3(i); *see also* Compl. ¶ 13 (recognizing that the MLA "prohibits creditors" from extending consumer credit that contains certain provisions). The MLA's

implementing regulations further specify that a "creditor" is a person who "meets the transaction standard for a 'creditor' under [TILA] Regulation Z with respect to extensions of consumer credit to covered borrowers." 32 C.F.R. § 232.3(i)(3). In turn, Regulation Z, defines "creditor" as "[a] person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), ***and*** to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 1026.2(a)(17)(i) (emphasis added); 15 U.S.C. § 1602(g) (providing the analogous TILA definition that a "creditor" is one who "regularly extends . . . consumer credit which is payable by agreement in more than four installments" and to whom the obligation is "initially payable").

Under this controlling definition, the relevant inquiry is whether the entity (1) regularly extends consumer credit ***and*** (2) is the person to whom the obligation is initially payable. *See id.* Jackson Hewitt satisfies neither requirement.

As to the ***first requirement***, there are no allegations in the Complaint that Jackson Hewitt "extend[ed] consumer credit" to the Plaintiff. That is because it did not. Instead, Republic Bank—and Republic Bank alone—extended credit to Plaintiff. Compl. ¶¶ 5, 30, 51, 87, 89, 137–38, 153.

The Complaint itself states in no uncertain terms that "Republic Bank & Trust Company is the originating lender that underwrites and disburses Refund Advance Loans." Compl. ¶ 30; *see also* Compl. ¶ 51 ("These RALs are originated by partner financial institutions such as Republic Bank & Trust Company[.]"); Compl. ¶ 5 (same); ¶ 153 (alleging that the RALs were "originated by Republic Bank").

Plaintiff alleges that Republic Bank alone offered the RALs, and Republic Bank and Plaintiff are the only parties to the Loan Agreements. Compl. ¶ 87 ("Plaintiff applied for and received a $1,500 [ETRA] loan, originated by Republic Bank"); Compl. ¶ 89 ("Plaintiff executed the Republic Bank & Trust Company Bank Product Application and Agreement."); Compl. ¶¶ 137–38 (alleging that pursuant to Republic Bank's Loan Agreements with Plaintiff, "Republic Bank opened a temporary deposit account on Plaintiff's behalf" and Plaintiff "grant[ed] to BANK a security interest, and release[d] any rights, in the anticipated tax refund"). Notably lacking in the Complaint are any

allegations that Jackson Hewitt is a party to the Loan Agreements, or that it plays any role in funding or disbursing any loan proceeds.

As to the ***second requirement***, the obligation is not "initially payable" to Jackson Hewitt. The Complaint alleges that Plaintiff's Loan Agreements with Republic Bank explicitly identify Republic Bank as the "creditor" of his 2024 ETRA and 2025 NFTRA. Compl. ¶ 89; *see, e.g.*, Counteroffer at 1 ("Creditor: Republic Bank & Trust Company"); December 2024 Loan Agreement at 5; February 2025 Loan Agreement at 5. Moreover, the full loan obligation (including the complained-of ETRA finance charge) is payable to Republic Bank. Compl. ¶ 89; Counteroffer at 1; *see, e.g.*, December 2024 Loan Agreement at 1 ("THE EARLY TAX REFUND ADVANCE LOAN ('ETRA') AND THE NO FEE TAX REFUND ADVANCE LOAN ('NFTRA') ARE PRODUCTS OFFERED BY BANK."); February 2025 Loan Agreement at 1 (same); December 2024 Loan Agreement § 4 (authorizing Republic Bank to deduct the loan obligation from the AR Account); February 2025 Loan Agreement § 4 (same). Jackson Hewitt has no right to collect any portion of the loan amounts or the finance charges from Plaintiff. *See id.* Under Regulation Z, this is dispositive: the "creditor" is the entity "to whom the obligation is initially payable." 12 C.F.R. § 1026.2(a)(17)(i).

Jackson Hewitt is a tax preparation company—it does not loan money or fund loans. *See* Compl. ¶¶ 3, 5, 33, 50–51, 85–90. Jackson Hewitt's sole role is providing tax preparation services and making Republic Bank's loan products available on its platform so that customers can decide if they are interested in those products; if they are, Republic Bank extends them credit, not Jackson Hewitt. *See id.* Because Jackson Hewitt is not Plaintiff's creditor, his claims against Jackson Hewitt under the MLA fail.

For this same reason, courts have consistently rejected the argument that a party that is involved with the offer of a loan can be considered a "creditor" under TILA. *See, e.g.*, *Zawikowski*, No. 1:98-cv-02178, Dkt. 934 at 2 (dismissing TILA claims against H&R Block where the customer "signed a document creating a debt payable to" the bank even though H&R Block facilitated the transaction); *Iannuzzi v. Wash. Mut. Bank*, No. 07-CV-964 (JFB)(WDW), 2008 WL 3978189, at *8 (E.D.N.Y. Aug. 21, 2008) (dismissing TILA claim against mortgage broker because it was not a

creditor under TILA); *King v. Second City Const. Co*., No. 97 C 2900, 1997 WL 627649, at *3 (N.D. Ill. Oct. 1, 1997) (dismissing TILA claim against loan "arranger" with prejudice and without leave to amend). Under Regulation Z's definition, only the entity to whom the borrower's obligation is initially payable qualifies as a "**creditor**." 12 C.F.R. § 1026.2(a)(17)(i) (emphasis added); *see also* 15 U.S.C. § 1602(g) (analogous TILA definition). Here, it is undisputed that the obligation is initially payable to Republic Bank—not to Jackson Hewitt. Compl. ¶ 89; Counteroffer at 1; December 2024 Loan Agreement §§ 1, 3, 4, 7, 8, 9; February 2025 Loan Agreement §§ 1, 3, 4, 7, 8, 9.

Courts have repeatedly held that a party is not a creditor under TILA—and, by extension, the MLA—if it did not originate or extend the loan at issue. *See*, *e.g.*, *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 269–70 (4th Cir. 2008) (explaining that the definition of "creditor" is "is restrictive and precise, referring *only* to a person who satisfies *both* requirements" and holding that a mortgage broker could not be a "creditor" because it was not the entity to which the note was initially payable); *Wojcik*, 2002 WL 31663298, at *1, *7 (finding that defendant was not a "creditor" under TILA or Regulation Z because it did not "itself loan money, finance purchases, charge interest, or repossess collateral upon default," even though it shared "facilities, management, and ownership" with the creditor-entity who did such activities); *Ridha v. Mortg. Elec. Registration Sys., Inc.*, No. 10–13824, 2010 WL 4867416, at *4 (E.D. Mich. Nov. 23, 2010) (dismissing TILA claim against loan servicer and holder of security interest for failing to "meet the definition of 'creditor'" under TILA because "they did not originate the [plaintiff's] loan").

Plaintiff makes only one attempt in the entire 178-paragraph complaint to characterize Jackson Hewitt as a "creditor": paragraph 33 asserts that Jackson Hewitt "arranges, negotiates, and facilitates consumer credit extended to Covered Borrowers" based on its alleged role in controlling application intake, conditioning loan eligibility on the use of its tax preparation services, receiving compensation from Republic Bank, having access to loan status information, and serving as a "necessary intermediary" for the loan application process. Compl. ¶ 33.

But none of these allegations establishes that Jackson Hewitt extends credit, funds loans, disburses payments, or is the entity to which the note is initially payable. *See* 12 C.F.R.

§ 1026.2(a)(17)(i); *Zawikowski*, No. 1:98-cv-02178, Dkt. 934 at 2 (rejecting the argument that tax preparer's actions in "negotiating and arranging the loan are so creditor-like as to render it directly liable" and holding that "the plain language of the statute controls").[4] Moreover, contrary to Plaintiff's assertion (Compl. ¶ 32), the MLA does not contain a provision for conspirator, aiding-and-abetting, or joint-and-several liability. 10 U.S.C. § 987 (establishing requirements for "creditors" who extend credit to a covered member); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1181 (S.D. Cal. 2010) (dismissing statutory claim based on aiding-and-abetting liability when plaintiff "fail[ed] to identify any . . . language in the statute" to show that the statute "applies to one who aids and abets another's violation"); *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176, 182 (1994) (explaining that "Congress knew how to impose aiding and abetting liability when it chose to do so"). That the MLA's implementing regulations reach "affiliates" of a creditor, 32 C.F.R. § 232.3(a) is also of no consequence—that term expressly covers entities that "control[], [are] controlled by, or [are] under common control with" another creditor. Jackson Hewitt is not an affiliate of Republic Bank and there are no allegations to the contrary. *See* Compl. ¶¶ 29–30. Plaintiff's conclusory (and solitary) allegation that Defendants "acted in concert" (Compl. ¶ 32) is not a basis to apply the MLA to Jackson Hewitt.

Accordingly, Jackson Hewitt is not a "creditor" under the MLA and, for that reason alone, Plaintiff's claims against Jackson Hewitt fail as a matter of law and must be dismissed with prejudice.

## II. JACKSON HEWITT JOINS IN REPUBLIC BANK'S MOTION TO DISMISS.

In addition to Jackson Hewitt not being a creditor under the MLA, Plaintiff's claims also fail for the reasons set forth in Republic Bank's concurrently filed Motion to Dismiss. Jackson Hewitt joins in these arguments but does not restate them here in full for the convenience of the Court and the Parties.

---

[4] By way of further example, any merchant that accepts a credit card is necessary intermediary and, in turn, "facilitate" the extension of credit, but that does not make them the creditor in any sense.

## CONCLUSION

For all the foregoing reasons, Jackson Hewitt respectfully requests that this Court dismiss all claims against it with prejudice.

## CERTIFICATION OF MEET AND CONFER

On Thursday, August 13, 2026, counsel for all parties met and conferred via videoconference regarding Jackson Hewitt's and Republic Banks's intended motions to dismiss. The parties participated in good faith, discussed the substance of Defendants' anticipated motions, and were not able to reach a resolution. *See* Declaration of Robert McKenna.

Dated: August 17, 2026

I certify that this memorandum contains 4,076 words, in compliance with the Civil Local Rules.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ *Robert McKenna*

Robert McKenna (WSBA No. 18327)
mckenna@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Ali M. Abugheida (*pro hac vice* forthcoming)
aabugheida@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415-773-5700
Facsimile: +1 415-773-5759

*Attorneys for Defendant Jackson Hewitt, Inc.*

**CERTIFICATE OF SERVICE**

I, Robert McKenna certify that on August 17, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the registered parties of record.

Dated August 17, 2026.

*/s/ Robert McKenna*
Robert McKenna